**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM NAGY, <br><br> Plaintiff, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER CO., <br><br> Defendant. | Civil Action No. 12-4235 (MAS) (DEA) <br><br> **OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court upon The Goodyear Tire & Rubber Co.'s ("Defendant" or "Goodyear") Motion to Dismiss the Fourth, Fifth and Sixth causes of action of the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Br., ECF No. 4-1; Def.'s Reply Br., ECF No. 11-1.) Plaintiff William Nagy ("Plaintiff") opposes the Motion. (Pl.'s Opp'n Br., ECF No. 9.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Rule 78. For the reasons set forth in this Opinion, and other good cause shown, Defendant's Motion to Dismiss is GRANTED.

**I.    BACKGROUND**

    Plaintiff's July 10, 2012 Complaint alleges defects in the Entran 3 hose designed, manufactured, tested, marketed, and sold by Goodyear for use in hydronic in-floor radiant heating and snowmelt systems. (Compl. ¶¶ 2-3.) The Complaint asserts six counts: 1) strict liability for design defect; 2) strict liability for manufacturing defect; 3) strict liability for failure

to warn; 4) breach of implied warranty of merchantability; 5) breach of implied warranty of fitness for a particular purpose; 6) unjust enrichment; and 7) declaratory and injunctive relief. (Compl. ¶¶ 48-99.) Defendant has moved to dismiss the Fourth, Fifth and Sixth causes of action, arguing that they are subsumed by the New Jersey Product Liability Act ("NJPLA"). (Def.'s Moving Br. 2-3.) According to Defendant:

> The terms of the statute, as well as abundant decisional law interpreting the statute, explicitly provide that the [NJPLA] shall be the only remedy available in a product liability action. Indeed, the New Jersey state courts, as well as those of the Third Circuit and the District of New Jersey, have consistently held that when the claim alleged falls within the scope of the [NJPLA], other causes of action are prohibited.

(*Id.* at 2.)

Plaintiff opposes Defendant's motion, arguing that "Plaintiff's system has not failed yet but [Plaintiff] has alleged the system is defective and will prematurely fail in the future." (Pl.'s Opp'n Br. 2.) Plaintiff asserts that the Fourth, Fifth and Sixth "cause[s] of action are plead in the alternative if it is determined that plaintiff and members of the class have not suffered injury to other property or personal injuries as required by the NJPLA." *Id.*

In reply, Defendant argues that Plaintiff's opposition brief demonstrates that he does not have standing to pursue his claims. (Def.'s Reply Br. 2.) As such, Defendant requests the Court to dismiss Plaintiff's Complaint in its entirety. *Id.*

## II.   LEGAL STANDARD AND ANALYSIS

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been

presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). As such, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

The NJPLA governs "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." N.J. Stat. Ann. § 2A:58C-1(b)(3). Notably, the NJPLA "established the sole method to prosecute a product liability action." *Tirrell v. Navistar Int'l, Inc.*, 248 N.J. Super. 390, 398 (N.J. Super. Ct. App. Div. 1991). According to the Third Circuit, the NJPLA "effectively creates an exclusive statutory cause of action for claims falling within its

purview." *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991). "[T]he NJPLA generally subsumes common law product liability claims, thus establishing itself as the sole basis of relief under New Jersey law available to consumers injured by a defective product." *Id.* Notably, "breach of implied warranty, unjust enrichment and consumer fraud claims are subsumed under the NJPLA." *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 704 (D.N.J. 2011) (citing N.J. Stat. Ann. § 2A:58C-1(b)(3).) The NJPLA excludes causes of action alleging damage to the product at issue. *See* N.J. Stat. Ann. § 2A:58C-1b(2).

Third Circuit law requires dismissal of Plaintiff's Fourth, Fifth and Sixth causes of action. In his opposition brief, Plaintiff states:

> Claims for solely economic damages related to the product itself are not covered by the NJPLA . . . . For causes of action to the product itself, plaintiff may bring an implied warranty claim . . . . Under New Jersey law, a plaintiff may bring a claim for implied warranty and other causes of action even when malfunction of the product has not occurred, harm has not been caused to other property or plaintiff has not suffered personal injuries.

(Pl.'s Opp'n Br. 4.) Regardless of the arguments contained in Plaintiff's opposition brief, the factual allegations in the Fourth, Fifth and Sixth causes of action appear to be based on harm caused *by* the alleged defects in Entran 3 hoses, not based on harm caused *to* the Entran 3 hoses themselves.[1] While the Court acknowledges that pleading in the alternative is generally permitted, Plaintiff's alternative pleading cannot survive in the present case due to the NJPLA. If the Court permitted the alternative pleading in the manner attempted by Plaintiff, it would "contravene the NJPLA's intent to provide a single statutory products liability claim." *Repola*, 934 F.2d at 493. As such, the Court grants Defendant's motion to dismiss Plaintiff's Fourth,

---

[1] For example, the Complaint's Fourth Cause of Action, ¶ 82 and Fifth Cause of Action, ¶ 93, both refer to "significant damage to property" and "repairs necessitated by the leaks." Neither refers to damage to the hose itself.

Fifth and Sixth claims without prejudice to Plaintiff's ability to file an amended complaint within 30 days.

The Court denies without prejudice Defendant's request to dismiss Plaintiff's Complaint in its entirety. Plaintiff's opposition papers demonstrate that Plaintiff anticipated a potential standing challenge to his NJPLA claims when he chose to plead in the alternative. Nevertheless, the Court is not inclined to dismiss Plaintiff's NJPLA claims solely based on arguments raised in the opposition and reply briefs. Rather, complete briefing on the standing issue is warranted and will provide an appropriate record for the Court.[2]

### III. CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant's motion to dismiss is granted. The Court dismisses Plaintiff's Fourth, Fifth and Sixth claims without prejudice to Plaintiff's ability to file an amended complaint. The Court denies without prejudice Defendant's request to dismiss Plaintiff's Complaint in its entirety. The Court will issue an Order consistent with this Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 28, 2013

---

[2] As set forth above, the Court has granted Plaintiff leave to file an amended Complaint. If Plaintiff's amended complaint includes NJPLA claims, Defendant may assert and brief its standing arguments. If Plaintiff does not file an amended Complaint, the Court will issue an Order to Show Cause as to why the NJPLA claims should not be dismissed for lack of standing. Under either alternative, the Court will have the benefit of a complete record.